UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DR. STEVEN AUDETTE,                                   Case No. 20-CV-2495 (PJS/DTS)

          Plaintiff,

v.                                                                            ORDER

UNITED STATES OF AMERICA; F.B.I.;
ATF; KEN WHITE, a/k/a Kim Wang; ALAN
NORRIS; MATTHEW CLARK; STEVEN
CLARK; MICHAEL GARRETT; JASON
GREENE; MARY JOYCE AUDETTE;
DARYL HILL; and CHRISTI VAN
WERDEN,

          Defendants.

This matter is before the Court on the objection of plaintiff Steven Audette to the February 25, 2021 Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. ECF Nos. 14, 16. Judge Schultz recommends dismissing Audette's complaint and denying Audette's application to proceed *in forma pauperis*. *See* ECF No. 11. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Audette's objection, adopts Judge Schultz's R&R, and dismisses this action.

Audette filed suit seeking tens of millions of dollars in damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, after being convicted by a jury of 91 counts of wire

fraud in the District of Arizona.[1]  Audette alleges that federal agents coerced him into borrowing millions of dollars to pay the government to protect him from the Italian mafia, that he was hypnotized by federal agents and forced to engage in "felony activities," and that he was then criminally prosecuted and used as a "scapegoat" when the scheme unraveled.  Judge Schultz recommends dismissing Audette's complaint because (1) his claims are entirely or almost entirely time-barred, (2) many of his claims necessarily implicate the validity of his sentence or conviction and are therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) his claims are frivolous and therefore subject to dismissal under 28 U.S.C. § 1915A.

First, in response to Judge Schultz's conclusion that nearly all of his claims fall outside of the applicable statute of limitations, Audette argues simply that "there should not be a statute of limitations" until defendants have taken responsibility for their alleged wrongdoing.  ECF No. 16 at 7.  The Court agrees with Judge Schultz that all or nearly all of Audette's claims are barred by the statutes of limitations applicable to

---

[1] Audette's convictions on 81 of those counts were affirmed on direct appeal, his convictions on 10 counts were reversed, and the case was remanded for re-sentencing. *United States v. Audette*, 923 F.3d 1227, 1238 (9th Cir. 2019).  As of the date of this order, Audette is still awaiting re-sentencing.  *See* Order Granting Motion to Continue Sentencing Hearing, *United States v. Audette*, No. 2:14-cr-00858-SPL-1 (D. Ariz. Jan. 28, 2021), ECF No. 487.

*Bivens* and FTCA claims.[2] *See Rose v. Galbson*, 808 F. App'x 403 (8th Cir. 2020) (affirming dismissal under § 1915A based on finding that claim was time-barred). And of course, those statutes of limitations apply whether or not defendants have accepted responsibility for their alleged wrongs.

Second, in response to Judge Schultz's conclusion that "many of the claims brought in the complaint appear to be precluded by the doctrine set forth in *Heck v. Humphrey*," ECF No. 11 at 5, Audette argues that the relief that he is seeking in this lawsuit is "separate and independent" from his sentence and conviction and that "[i]f, by chance, the current civil lawsuit does impact the conviction and/or sentence of the prior case, it will be a secondary, unanticipated non-deliberate effect," ECF No. 14 at 2. Audette misapprehends *Heck*, which bars claims for damages where judgment in the plaintiff's favor would necessarily implicate the validity of a still-valid sentence or

---

[2]As Judge Schultz explains, if Audette had alleged a *Bivens* claim that accrued in the State of Minnesota on or after November 23, 2014, that claim would be timely. But Audette has not clearly pleaded any such claim. The last identifiable date in Audette's complaint is October 2013, when he alleges that the ATF (presumably referring to the Bureau of Alcohol, Tobacco, Firearms and Explosives) intervened in the FBI's extortion scheme, at which time Audette was framed as a "scapegoat" for the misdeeds of various government actors. ECF No. 1 at 11. Court records indicate that Audette was arrested on May 29, 2014 and indicted on June 17, 2014, *see* Indictment, *United States v. Audette*, No. 2:14-cr-00858-SPL-1 (D. Ariz. June 17, 2014), ECF No. 1, and thus it appears extraordinarily unlikely that any of Audette's claims accrued after November 23, 2014 in the State of Minnesota. At several points in his complaint and objection, Audette appears to allege "ongoing" violations of his rights, but any claim that Audette is entitled to damages for his ongoing incarceration is plainly barred by *Heck*.

conviction regardless of the plaintiff's motivation in bringing suit. *See* 512 U.S. at 486–87; *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (per curiam) (stating that *Heck* applies to *Bivens* claims).

As Judge Schultz explains, the central thrust of Audette's complaint is that he was innocent of the crimes for which he was convicted because he had been coerced by federal agents into taking millions of dollars from victims in order to pay the federal government for "protection" from the Italian mafia. Indeed, Audette alleges that "99.9%" of the more than $2 million he "borrowed" went to "federal agents." ECF No. 1 at 9. Audette also alleges that federal agents inflicted all manner of abuses both on him and on his family to ensure that Audette would continue to pay the government with "borrowed" money. If the Court were to enter judgment in Audette's favor on these claims, that judgment would necessarily undermine the validity of his conviction and sentence for committing wire fraud, and Audette's claims thus fall squarely within *Heck*'s litigation bar. *Cf. Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir. 2000) (holding that plaintiff's claim that police officer "planted" cocaine in his personal belongings was barred by *Heck*).

Finally, the Court agrees with Judge Schultz that this action is "frivolous" within the meaning of § 1915A(b) because it "lacks an arguable basis" in fact and alleges "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989). The

various stories that Audette continues to tell are not only preposterous but, as Judge Schultz explained, inconsistent with one another.  To the extent that Audette's complaint can be read to allege any claim that is both timely filed and not barred by *Heck*—and the Court cannot identify any such claim—the Court finds that such claim must nonetheless be dismissed under § 1915A(b) as frivolous.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF Nos. 14, 16] and ADOPTS the R&R [ECF No. 11].  IT IS HEREBY ORDERED THAT:

1. Plaintiff Steven Audette's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. Audette's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

3. Audette is ordered to pay the unpaid balance ($300.00) of the statutory filing fee for this action as required by 28 U.S.C. § 1915(b), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Audette is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 30, 2021                    s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge